INHABITANTS OF WINSLOW, *petitioners for certiorari, versus* COUNTY COMMISSIONERS.

An appeal from the doings of County Commissioners, on a petition for the establishment of a highway, opens to the consideration of the committee, appointed by the District Court upon the appeal, the whole question which was before the County Commissioners.

If said Commissioners had established a portion of the road prayed for, and refused to establish the other portion, it is competent for the committee to establish the whole road.

Where the Commissioners have established one portion of the road prayed for, and, in their return, made no mention of the remaining portion, their silence in that respect, is to be considered a *refusal* by them, to establish such remaining part.

PETITION for a writ of *certiorari*.

Winslow *v.* County Commissioners.

An application had been made to the County Commissioners for the establishment of a highway between certain termini, and they had adjudged it to be of common convenience and necessity that the easterly portion of the route should be established, up to an existing road, which run nearly in the direction of the road prayed for to its western terminus. As to the residue, (the western portion of the route prayed for,) nothing was said in their return. The original petitioners for the road appealed to the District Court, and by that court a committee was appointed to view the route prayed for, and to report, whether, in their opinion, the decision of the County Commissioners ought, in whole or in part, to be affirmed or reversed.

The committee reported it to be their unanimous opinion, that it was of common convenience and necessity, that the eastern portion of the route, as located by the County Commissioners, should be established as a public highway ; and they further reported it to be the opinion of a majority of the committee, (one of the three dissenting,) that a highway upon the western portion of the route should also be established. The report of the committee was accepted.

The petitioners, within whose town the said western portion of the route is situated, allege, that there is error in the proceedings ; *because*, the committee had no authority to determine and report that the western portion of the route ought to be located. Wherefore a writ of *certiorari* is prayed for, to bring before this court the whole record and proceedings of the District Court, that the same may be quashed.

*Paine*, for the petitioners.

The question is, whether the committee had authority to adjudicate upon that part of the road, concerning which the Commissioners had made no decision whatever.

We submit that there could be no appeal where there had been no adjudication. Upon the westerly part of the road there had been no adjudication. As to that part, the supposed appeal could have no effect. If the Commissioners refuse to adjudicate, the remedy is not by appeal, but by *mandamus*.

Winslow *v.* County Commissioners.

The warrant to the committee required them to report whether the decision of the Commissioners should be affirmed or reversed. Suppose them to have reported that as to the eastern portion of the road, the decision should be affirmed, and that it should be reversed as to the residue. What judgment could the District Court render ? There would be no decision to be reversed. Upon such a report, what could the County Commissioners do ? Should they proceed to locate a new road, or follow the old one to the western terminus ?

*Morrill,* contra.

Shepley, C. J. — The question presented is, whether an appeal, taken by virtue of the act approved on August 2, 1847, from the Court of County Commissioners to the District Court, opens the whole proceedings upon the petition for revision, or only such part of them as was embodied in a formal judgment of the County Commissioners.

The first and second sections authorize any person " aggrieved by any decision" to appeal " from the decision" of the Commissioners. The third section speaks of an " appeal from the judgment" and of a report, whether " the judgment" shall be affirmed or reversed. The fifth section also speaks of " the judgment" being affirmed in whole or in part.

This phraseology might indicate, that it was the intention to limit the proceedings on appeal to a revision of the matter formally adjudicated upon by the County Commissioners.

It cannot be supposed, that the well known rule of law, that an appeal from one tribunal to another, when facts are thereby presented, vacates the judgment and opens the whole case for revision, was overlooked or disregarded by the Legislature. If a limited revision only was intended by the appeal, it might be expected, that the language would indicate it very clearly. It was doubtless expected, that the decision or judgment of the Commissioners would embrace the whole matter contained in the petition. There are provisions in the Act

exhibiting the intention to have the whole matter revised on the appeal.

The third section provides, that the committee appointed by the District Court, " shall proceed to view the route named in the original petition." That committee are to hear the parties and their evidence evidently respecting the route viewed. When they are required to report, whether, in their opinion, the judgment of the County Commissioners should be in whole or in part affirmed, such judgment must be intended, as would operate upon the whole route. In a certain event, after a decision upon the appeal, the County Commissioners are to proceed to lay out, alter or discontinue such highway, in whole or in part, having reference to the way described in the petition.

Taking into consideration the whole provisions of the Act, it appears to have been the intention to open by the appeal for revision, the whole proceedings under the petition.

The County Commissioners adjudged a part of the way prayed for, to be of common convenience and necessity, and laid it out, and were silent respecting the other part.

The provisions of statute, chap. 25, could not be complied with by laying out and causing to be recorded, part of a way prayed for, and by subsequently laying out another part of it, under the same petition.

The omission to lay out a part prayed for, is therefore, a practical denial of the prayer of the petition, to such extent.

It could not have been the intention of the Legislature to make the right of appeal depend upon the language used or omitted to be used, in making up in that respect a record of their proceedings, when the result prayed for in the petition was produced or refused.  *Writ denied.*